IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRANXITION, INC., a Delaware corporation, | No. 03:12-cv-01404-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| NOVELL, INC., a Delaware corporation, | |
| Defendant. | |

Johnathan E. Mansfield
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

Andrew D. Weiss
Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

    Attorneys for Plaintiff

1 - OPINION & ORDER

Daniel P. Larsen
Ater Wynne, LLP
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-2785

L. Rex Sears
Workman Nydegger
60 E. South Temple, Suite 1000
Salt Lake City, UT 84111

Sterling A. Brennan
Workman Nydegger
20 Pacifica, Suite 1130
Irvine, CA 92618

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Tranxition, Inc. brings this patent infringement action against Defendant Novell, Inc. Defendant moves to dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction. Plaintiff also moves to compel Defendant to participate in discovery. I deny Defendant's motion to dismiss and grant Plaintiff's motion to compel.

## BACKGROUND

      Plaintiff Tranxition was "founded to address the problem of migrating a computer 'personality' (*i.e.*, the custom settings, files, etc. that users set on their computer) to another computer." First Am. Compl. ("FAC") ¶ 6. It is the owner of United States Patent No. 6,728,877 ("'877 patent"), titled "Method and System for Automatically Transitioning [o]f Configuration Settings Among Computer Systems." Id. at ¶ 7. Plaintiff also owns United States Patent No. 7,346,766 ("'766 patent"), which is also titled "Method and System for Automatically Transitioning [o]f Configuration Settings Among Computer Systems." Id.

      Plaintiff alleges that Defendant Novell directly and indirectly infringes both the '877 and '766 patents with Novell's "ZENWorks Personality Migration (or Migration Assistant)" software

and computer systems using that software. FAC ¶¶ 8-10, 15-17. Plaintiff seeks damages and a permanent injunction for the alleged infringement. Id. at 8.

## STANDARDS

I.      Lack of Personal Jurisdiction

Personal jurisdiction in patent cases is decided under Federal Circuit law rather than the law of the regional circuit in which the case arose. Akro Corp. v. Luker, 45 F.3d 1541,1543 (Fed. Cir. 1995). If the parties have not conducted discovery, a plaintiff need "only to make a prima facie showing that the defendants were subject to personal jurisdiction." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (internal quotation marks and citation omitted). For purposes of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court construes the pleadings and affidavits in the light most favorable to the non-moving party. Graphic Controls Corp. v. Utah Med. Products, Inc., 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998).

II.     Failure to State a Claim

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

3 - OPINION & ORDER

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

## DISCUSSION

Defendant moves to dismiss for lack of jurisdiction and for failure to state a claim. A hearing was held on January, 15, 2013 on the motions. Because the record was undeveloped regarding the personal jurisdiction issue, I allowed jurisdictional discovery and supplemental briefing on the issue.

I.   Lack of Jurisdiction

To assert personal jurisdiction over an out-of-state defendant, the court must resolve two inquiries: "whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997). In this case, these inquiries merge because

Oregon's long-arm statute extends jurisdiction "to the outer limits of due process." State ex rel. Hydraulic Servocontrols Corp. v. Dale, 294 Or. 381, 384, 657 P.2d 211 (1982); see also Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process").  Therefore, the court must address whether the Due Process Clause of the Fifth Amendment permits this court to assert jurisdiction over Defendant Novell.

The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (internal quotation marks and citation omitted).  To satisfy this due process protection, the plaintiff must show that the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Under the "minimum contacts" test, "a defendant may be subject to either specific jurisdiction or general jurisdiction." LSI Indus. Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000).

A court has general jurisdiction over a nonresident defendant when that defendant has "continuous and systematic general business contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King, 471 U.S. at 472 (internal quotation marks and citations omitted). Thus, in "contrast to general…jurisdiction, specific jurisdiction is confined to adjudication of issues

5 - OPINION & ORDER

deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks and citation omitted).

    A.    General Jurisdiction

A court may not assert general jurisdiction over a nonresident defendant unless the defendant's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate." Goodyear Dunlop, 131 S. Ct. at 2851 (quoting Int'l Shoe, 326 U.S. at 317). Neither the Supreme Court nor the Federal Circuit "has outlined a specific test to follow when analyzing whether a defendant's activities within a forum are continuous and systematic." Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (internal quotation marks, alterations, and citation omitted). Instead, the "court must look at the facts of each case to make such a determination." LSI Indus., 232 F.3d 1369, 1375 (Fed. Cir. 2000).

Plaintiff argues that Defendant is subject to general jurisdiction in Oregon based on $30 million in software sales in Oregon since 2006, the presence of an office in Oregon at least from 2005 to 2007, at least 12 employees being based in Oregon in 2006 and 2007, sponsorship of a 2008 trade show in Oregon, and participation in a 2010 trade show in Oregon. Mansfield Decl. Supp. Jurisdiction Exs. C, E, F, I. Additionally, Defendant has entered into over 500 contracts with customers (private businesses, cities, schools, state agencies, etc.) in Oregon. Mansfield Decl. Ex. G at 12-22. Furthermore, Defendant has a registered agent in Oregon. Weiss Decl. Ex. L. In its totality, this evidence is enough to assert general jurisdiction. I am most persuaded by the $30 million in software sales and the more than 500 contracts that Defendant has entered into in Oregon. These contacts in Oregon are substantial, as well as continuous and systematic.

6 - OPINION & ORDER

LSI Indus., 232 F.3d at 1375 (continuous and systematic contacts demonstrated by millions of dollars of sales in forum state over several years and a broad distribution network).

Therefore, I find that this court has general jurisdiction over Defendant. In light of this finding, I need not address the issue of specific jurisdiction.

II.     Failure to State a Claim

    A.     Direct Infringement

Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Form 18 in the Appendix to the Federal Rules of Civil Procedure provides a sample complaint for direct patent infringement. See Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

To state a claim for direct infringement, the complaint must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

In re Bill of Lading, 681 F.3d at 1334 (quoting Form 18).

Defendant moves to dismiss on the ground that Plaintiff has failed to plead direct infringement. Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") 2. The parties agree that if a pleading conforms to Form 18, it satisfies the pleading requirements for direct infringement. Pl.'s Opp. 4; Def.'s Reply 2. Defendant argues that Plaintiff's claims are deficient because they

do not "specifically identif[y] the infringing type(s) of conduct"—the third element of Form 18. Def.'s Reply 3. Plaintiff has alleged that Defendant infringes

> by making, using, selling, offering to sell, or importing…*software and systems*…including, but not limited to, Defendant's manufacture, use, sale, offer for sale or importation of Defendant's *ZENWorks Personality Migration (or Migration Assistant)*. Thus, by making, using, importing, offering for sale, and/or selling such *software*, Defendant has injured Tranxition[.]

FAC ¶¶ 8, 15 (emphasis added). This allegation satisfies the required specificity of the third element in Form 18. Plaintiff has alleged infringing conduct related to "software and systems", *e.g.*, Defendant's ZENWorks Personality Migration. Defendant instead focuses on the last sentence, which only refers to "software", rather than the "software and systems" that is mentioned earlier in the same paragraph. The last sentence begins with "thus", indicating its conclusory nature. Defendant's focus on the last sentence is misplaced.

Defendant further argues that it cannot directly infringe by selling software because that conduct is not equivalent to practicing the methods claimed by the patents. Def.'s Mem. 8. Defendant also argues that if Plaintiff's claims of infringement are based on Defendant's use of the software, then the claims should be dismissed for lack of personal jurisdiction because it does not use the software in Oregon.[1] Def.'s Reply 5. Plaintiff's claims for direct infringement are not limited to selling or using the software and systems. Nor do these arguments negate the fact that Plaintiff has met the basic pleading requirements for direct infringement.

B.    Indirect Infringement

There are two theories under which a party may be held liable for indirect infringement: (1) induced infringement under § 271(b); and (2) contributory infringement under § 271(c). Plaintiff has alleged claims for both. FAC ¶¶ 9-10; 16-17.

/ / /

---

[1] Defendant's statement that it does not use the software in Oregon is unsupported.

8 - OPINION & ORDER

1.      Induced Infringement

Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." <u>Global-Tech Appliances, Inc. v. SEB S.A.</u>, 131 S.Ct. 2060, 2068 (2011); <u>In re Bill of Lading</u>, 681 F.3d at 1339; <u>see also</u> <u>DSU Med. Corp. v. JMS Co.</u>, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). To induce infringement, a defendant must have "'actively and *knowingly* aid[ed] and abet[ed] another's direct infringement.'" <u>DSU</u>, 471 F.3d at 1305. "The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." <u>Id.</u> (quotation omitted).

Plaintiff's complaint alleges that (1) Defendant induces infringement by "making, using, importing, offering for sale, and/or selling…software and systems that infringe at least claims 1 and 16 of the '877 patent", (2) that the referenced software and systems "are made, used, imported, offered for sale, and/or sold by direct infringers…such as Defendant's customers and end-users of Defendant's customers", and (3) that "[s]ince at least the filing of this complaint, Defendant has had knowledge of the '877 patent and, by continuing the actions described above, has had the specific intent to…induce infringement of the '877 patent." FAC ¶ 9. Plaintiff also references a URL of a webpage[2] as evidence that Defendant encourages use of its infringing software. <u>Id.</u> Based on these allegations and drawing all reasonable inferences, Plaintiff has sufficiently pled specific intent to induce infringement of the '877 and '766 patents.

/ / /

/ / /

---

[2] The URL is http://novell.com/documentation/zenworks7/readme/readme_pm_7.html. FAC ¶ 9.

9 - OPINION & ORDER

2.  Contributory Infringement

Under § 271(c), "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). "Contributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention." Vita- Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1327 (Fed. Cir. 2009). For a patented process, "[c]ontributory infringement occurs if [1] a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and [2] that 'material or apparatus' is material to practicing the invention, [3] has no substantial non-infringing uses, and [4] is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" In re Bill of Lading, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). For a patented machine, manufacture, or system, contributory infringement is based on a "component", rather than a material or apparatus. 35 U.S.C. § 271(c).

Plaintiff's claim for contributory infringement is based on the allegations that (1) Defendant is "making, using, importing, offering for sale, and/or selling…software and systems that infringe at least claims 1 and 16 of the '877 patent", (2) that the referenced software and systems "are made, used, imported, offered for sale, and/or sold by direct infringers…such as Defendant's customers and end-users of Defendant's customers", (3) "Defendant's infringing products and services are a material part of the invention, and are especially made or especially

10 - OPINION & ORDER

adapted for use in the infringement of the '877 patent", and (4) the infringing products and services "are not a staple article or commodity of commerce suitable for substantial noninfringing uses." FAC ¶ 10. Plaintiff has pled similar allegations for contributory infringement of the '766 patent. Id. at ¶ 17.

Defendant argues that Plaintiff has only alleged "labels and conclusions". Def.'s Mem. 11. At this stage of the proceeding, Plaintiff is required to adequately plead a claim for infringement, not prove every element of the claim. See SmartMetric Inc. v. MasterCard Inc., No. 2:10-cv-01864-JHN-FMOx, 2010 U.S. Dist. LEXIS 141976, at *6 n1 (C.D. Cal. July 8, 2010). I find that Plaintiff has sufficiently pled its claim of contributory infringement for both patents.

Defendant further argues that Plaintiff's allegation of contributory infringement of a method patent cannot be based on sale of software. Def.'s Mem. 12. Plaintiff disagrees and asserts that sale of software can be a "material or apparatus" used in a patented process. Pl.'s Opp. 7. On a motion to dismiss, the focus is whether Plaintiff has pled enough factual assertions to state a plausible claim for relief. The legal question of whether the sale of software can be a material or apparatus is more appropriately addressed at the summary judgment phase.

III.    Motion to Compel

Plaintiff moved to compel Defendant to produce documents and answer interrogatories. Defendant objected to the discovery requests because it believed that discovery was premature until the pleadings were settled. In light of my findings, there is no reason to delay discovery further.

/ / /

/ / /

11 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant Novell's motion to dismiss (#22) is denied. This court has personal jurisdiction over Defendant, and the claims for direct and indirect infringement of the '877 and '766 patents have been sufficiently pled. Plaintiff's motion to compel (#29) is granted.

IT IS SO ORDERED.

Dated this 27 day of May, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge