IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRANXITION, INC., a Delaware
corporation,

                Plaintiff,

    v.

NOVELL, INC., a Delaware
corporation,

                Defendant.

No. 3:12-cv-01404-HZ

OPINION & ORDER

Arthur S. Beeman
Arent Fox LLP
55 2nd Street, 26th Floor
San Francisco, CA 94105

Paul H. Beattie
Rimon Law Group, P.C.
7920 SE Stellar Way
Snoqualmie, WA 98065

1 – OPINION & ORDER

Dayna J. Christian
Immix Law Group, PC
121 SW Salmon St., Ste. 1000
Portland, OR 97204

  Attorneys for Plaintiff

L. Rex Sears
Maschoff Brennan
201 S Main St., Ste. 600
Salt Lake City, UT 84111

Sterling A. Brennan
Maschoff Brennan
20 Pacifica , Ste. 1130
Irvine, CA 92618

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy, Ste. 900
Portland, OR 97209

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

  Plaintiff Tranxition, Inc. brings this patent infringement action against Defendant Novell Inc., alleging infringement of its United States Patent Nos. 6,728,877 ('877 patent) and 7,346,766 ('766 patent), both of which are titled "Method and System for Automatically Transitioning of Configuration Settings Among Computer Systems." Last year, Tranxition filed a motion for an order construing terms of the '877 and '766 patents, and the Court held a two-day hearing on August 26 and 27, 2014 to that end.[1] The Court ruled on the construction of most of the contested terms or phrases at the close of oral argument, and resolved the dispute over the one remaining term in an Opinion & Order [92], issued on October 15, 2014.

---

[1] Tranxition filed a similar infringement case against Defendant Lenovo. See Tranxition, Inc. v. Lenovo (United States), Inc., No. 3:12-cv-1065. Although the cases are proceeding separately, the claim construction hearing resolved disputes over terms common to both cases, and terms unique to one case or the other.

Tranxition now moves the Court to reconsider three of its interpretive rulings from the hearing and October Order. But Tranxition's arguments in favor of reconsideration are largely new legal theories that could have been raised in the claim construction briefing or at oral argument. Because Tranxition fails to allege any new facts, any intervening change in controlling law, or other legitimate grounds for reconsideration, the motion is denied.

## STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Federal Rule of Civil Procedure ("Rule") 54(b) allows a district court to revise at any time "any order or other decision, however designated," that does not fully resolve all the claims for all of the parties. FED. R. CIV. P. 54(b); see also Lyden v. Nike Inc., No. 3:13-CV-00662-HZ, 2014 WL 4631206, at *1–2 (D. Or. Sept. 15, 2014). District courts also have "inherent common-law authority to rescind or modify any interlocutory order as long as the court retains jurisdiction over the matter." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 887 (9th Cir. 2001).[2]

A motion for reconsideration can be granted if the court 1) is presented with new evidence, 2) committed clear error or the first decision was manifestly unjust, or 3) is aware of an intervening change in law. Sch. Dist. No 1J v. ACandS, Inc. 5 F.3d 1255, 1263 (9th Cir. 1993); Transp. Credit Serv. Ass'n v. Systran Fin. Servs. Corp., No. CIV. 03-1342-MO, 2004 WL 1920799, at *1 (D. Or. Aug. 26, 2004); see also Lyden, 2014 WL 4631206 (applying a similar four-factor analysis to a presumptive Rule 54(b) motion for reconsideration, and collecting cases). Motions for reconsideration are generally disfavored, and may not be used to present new

---

[2] Tranxition seems to rely, at least in part, on Rule 60(b) as grounds for its motion to reconsider. That Rule, and the similar provisions of Rule 59(e), only applies to motions for reconsideration made after final judgment is entered. Sch. Dist. No. 1J, 5 F.3d at 1263.

3 – OPINION & ORDER

arguments or evidence that could have been raised earlier. See <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir.1991) (trial court did not abuse its discretion in denying motion for reconsideration because the moving party presented no arguments which the court had not already considered); <u>see also</u> <u>Sam v. Deutsche Bank Nat. Trust Co.</u>, No. 03:13-CV-01521-MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013) (Hernandez, J.)  (a party asking for reconsideration must show a "legitimate basis for reconsideration, meaning something other than re-raising arguments previously made or asserting new legal theories or new facts which could have been presented before the initial hearing").

## DISCUSSION

Tranxition asks the Court to reconsider three terms or phrases from its Claim Construction Order issued in 2014, specifically "extraction plan," "active configuration settings," and "personality object." Pl. Motion to Reconsider Aspects of Claim Construction Orders ("Pl. Motion"), ECF No. 93, at 1–4. Tranxition has failed to show why any of the arguments it now advances could not have been raised in the original claim construction briefing or during the two days of oral argument the Court heard before ruling last year. Its motion is denied accordingly.

//
//
//
//
//
//
//
//

4 – OPINION & ORDER

CONCLUSION

For the reasons stated, Plaintiff Tranxition's Motion to Reconsider Aspects of Claim Construction Orders is denied.

IT IS SO ORDERED.

Dated this 30 day of March, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge