IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TRANXITION, INC., a Delaware corporation,

        Plaintiff,

   v.

NOVELL, INC., a Delaware corporation,

        Defendant.

No. 3:12-cv-01404-HZ

OPINION & ORDER

Arthur S. Beeman
Joel T. Muchmore
Arent Fox LLP
55 2nd Street, 21st Floor
San Francisco, CA 94105

Dayna Jean Christian
Immix Law Group
121 SW Salmon Street
Suite 1000
Portland, OR 97204

    Attorneys for Plaintiff


1 - OPINION & ORDER

Daniel P. Larsen
Ater Wynne, LLP
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-3280

Jared J. Braithwaite
L. Rex Sears
Maschoff Brennan
201 South Main Street, Suite 600
Salt Lake City, UT 84111

Sterling A. Brennan
Maschoff Brennan
20 Pacifica, Suite 1130
Irvine, CA 92618

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Plaintiff Tranxition, Inc. owns U.S. Patent Nos. 6,728,877 (the "'877 patent") and 7,346,766 (the "'766 patent"). The claims generally recite a software method for transferring customized user settings from an old computer to a new computer. Tranxition filed the present infringement action against Defendant Novell, Inc. and a separate action based on the same patents against Lenovo (United States) Inc. that was also before this Court. Tranxition, Inc. v. Lenovo (U.S.) Inc., No. 3:12–cv–1065–HZ. The parties in the Novell case agreed to allow the merits of the Lenovo case proceed first.

       On July 9, 2015, the Court issued an Opinion & Order in the Lenovo case granting summary judgment in favor of Defendant Lenovo and declaring the '877 and '766 patents invalid under Section 101 of the Patent Act. Tranxition, Inc. v. Lenovo (U.S.) Inc., No. 3:12-CV-01065-HZ, 2015 WL 4203469, at *19 (D. Or. July 9, 2015) (hereinafter "Lenovo Summary

2 - OPINION & ORDER

Judgment"). Currently before the Court is Novell's motion to adopt the invalidity opinion from the Lenovo case in this case and to enter judgment in favor of Novell.

The Court declared in Lenovo Summary Judgment that Tranxition's '877 patent and '766 patent were invalid under Section 101 of the Patent Act. 35 U.S.C. § 101. "[T]he Court finds that Tranxition's patents are aimed at a patent-ineligible abstract idea. Neither of the patent's claims, whether read singly or in combination, state an inventive concept sufficient to satisfy the Supreme Court's test for patentability of an abstract idea under Section 101 of the Patent Act." 2015 WL 4203469, at *1. Moreover, the Court found that the claims in Tranxition's patents were stated at a such a high level of generality that "[w]ithout a sufficient 'inventive concept' that limits Tranxition's patents to something narrower than a claim to the abstract idea of migrating settings between computers, Tranxition's '877 and '766 patents present substantial preemption concerns." Id. at *19. Accordingly, the Court declared Tranxition's '877 and '766 patents invalid. Id. at *1, 19.

The Court entered final judgment in favor of Lenovo and against Tranxition on Lenovo's counterclaims for invalidity, dismissed Tranxition's claims for patent infringement with prejudice, and dismissed without prejudice Lenovo's counterclaims for non-infringement and unenforceability. Lenovo, No. 3:12-cv-01065-HZ, Dkt. No. 303.

Now that the Lenovo Summary Judgment has become a final judgment, it carries issue-preclusive effect against Tranxition in this case. Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1576 (Fed. Cir. 1994), as corrected on reh'g (Sept. 14, 1994) ("collateral estoppel . . . arises from the final judgment of invalidity . . . entered in a suit against a third party"). The patents upon which Tranxition's claims against Novell in this case are the same patents that the Court declared invalid in the Lenovo case. Since the Court has already ruled that those patents

3 - OPINION & ORDER

are invalid, there is no need to rule separately in this case on the issue of invalidity, or on Novell's counterclaims against Tranxition seeking declarations of non-infringement of the '877 and '766 patents. Def. Answer and Counterclaims, ECF No. 56, at 5–6. Accordingly, the Court takes judicial notice of the final judgment entered in <u>Tranxition, Inc. v. Lenovo (U.S.) Inc.</u>, No. 3:12–cv–1065–HZ, and finds that Tranxition is collaterally estopped from pursuing the claims in its complaint against Novell, and that judgment should be entered in Novell's favor. <u>Cygnus Telecommunications Tech., LLC v. Am. Int'l Telephonics, LLC</u>, 569 F. Supp. 2d 1035, 1038 (N.D. Cal. 2008) (granting defendant's motion to dismiss based on collateral estoppel after the Court's ruled in a separate case that the patents at issue in both cases were invalid).

## CONCLUSION

Novell's motion [141] to adopt the invalidity opinion entered in related Case No. 3:12-cv-1065-HZ, dismiss certain counter claims, and to enter final judgment is granted. All other outstanding motions are denied as moot.

IT IS SO ORDERED.

Dated this 19 day of August, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 - OPINION & ORDER