IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TRANXITION, INC., a Delaware corporation,

                Plaintiff,

    v.

NOVELL, INC., a Delaware corporation,

                Defendant.

No. 3:12-cv-01404-HZ

OPINION & ORDER

Arthur S. Beeman
Joel T. Muchmore
Arent Fox LLP
55 2nd Street, 21st Floor
San Francisco, CA 94105

Dayna Jean Christian
Immix Law Group
121 SW Salmon Street
Suite 1000
Portland, OR 97204

       Attorneys for Plaintiff

1 - OPINION & ORDER

Daniel P. Larsen
Ater Wynne, LLP
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-3280

Jared J. Braithwaite
L. Rex Sears
Sterling A. Brennan
Maschoff Brennan
20 Pacifica, Suite 1130
Irvine, CA 92618

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      The Court entered judgment in favor of Defendant Novell, Inc. in this patent infringement case on August 20, 2015. Novell filed a Bill of Costs [151] on September 3, 2015. Currently before the Court is Plaintiff Tranxition, Inc.'s motion [155] to stay briefing and defer determination of Defendant Novell Inc.'s costs pending Tranxition's appeal of this case to the Federal Circuit. Tranxition argues that the Court should stay any determination of costs because the parties in a proceeding parallel to this one (Tranxition v. Lenovo, No. 3:14-cv-01265-HZ) stipulated to a stay of costs in that case. Tranxition argues that it would conserve judicial resources to also stay costs in this case.

      Tranxition's motion is denied. First, the defendant in the Lenovo case stipulated to the stay of costs. See Lenovo, No. 3:14-cv-01265-HZ, ECF No. 309. Here, Defendant Novell opposes a stay, and the Court declines to enter a stay in this case based on a strategic decision of a third party in a separate lawsuit.

      Additionally, Tranxition has failed to overcome the strong presumption in favor of entering an award of costs to Novell. Federal Rule of Civil Procedure ("Rule") 54(d)(1) states

that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 creates a "strong presumption" in favoring of awarding costs to the prevailing party, "with a heavy burden on the non-prevailing party to show why taxable costs are not recoverable." Apple Inc. v. Samsung Electronics Co., No. 11-CV-01846-LHK, 2014 WL 4745933, at *2 (N.D. Cal. Sept. 19, 2014) (citing Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999)).

Less clear, however, is whether the district court should stay a determination of costs pending an appeal of the case on the merits. Emblaze Ltd. v. Apple Inc., No. 5:11-CV-01079-PSG, 2015 WL 1304779, at *1 (N.D. Cal. Mar. 20, 2015). The Advisory Committee Notes to Rule 54(d) give the trial court the discretion to defer an award of fees pending an appeal, and district courts have inferred from that Note the authority to defer an award of costs in the same manner. Id. In assessing whether to stay an order pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at *2 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Tranxition has not made a strong showing of a likelihood of success on the merits. Tranxition contends that the "likelihood that the Federal Circuit would reverse summary judgment, and thus, upend any award of costs to Novell, is far from negligible." Pl. Reply, ECF No. 160, at 3. But a "far from negligible" chance of success on appeal is certainly not a strong indicator of Tranxition's likelihood of success in that endeavor. Moreover, the "emerging" nature of the test for patent invalidity under the Supreme Court's recent decision in Alice Corp. Pty. v.

3 - OPINION & ORDER

CLS Bank Int'l, 134 S. Ct. 2347 (2014), adds to the uncertainty of Tranxition's appeal and thus weighs against a stay of costs. See Pl. Reply at 3. Tranxition does not make a substantial showing on any of the remaining factors. Finally, to the extent Tranxition's contention that a stay in this case would conserve judicial resources is relevant to the analysis, it does not outweigh the first factor and the strong presumption in favor of awarding costs.

Therefore, Tranxition's motion for stay is denied. Tranxition is directed to file any objections it has to Novell's Bill of Costs [151] within fourteen days of the date at the end of this Order. Novell's argument that Tranxition waived its right to object to its Bill of Costs is without merit. See Def. Memorandum, ECF No. 158, at 2.

## CONCLUSION

Tranxition's motion for stay [155] is denied. Tranxition shall file its objections to Novell's Bill of Costs [151] within fourteen days of the date listed below.

IT IS SO ORDERED.

Dated this __16__ day of __November__, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge