IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRANXITION, INC., a Delaware corporation,

        Plaintiff,

    v.

NOVELL, INC., a Delaware corporation,

        Defendant.

No. 3:12-cv-01404-HZ

OPINION & ORDER

Dayna J. Christian
Immix Law Group, PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204

Arthur S. Beeman
Joel T. Muchmore
Arent Fox LLP
55 2nd Street, 26th Floor
San Francisco, CA 94105

    Attorneys for Plaintiff

//

//

1 – OPINION & ORDER

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209

Sterling A. Brennan
L. Rex Sears
Maschoff Brennan
20 Pacifica, Suite 1130
Irvine, CA 92618

Jared J. Braithwaite
Maschoff Brennan
201 Main Street, Suite 600
Salt Lake, UT 84111

  Attorneys for Defendants

HERNÁNDEZ, District Judge:

  Plaintiff Tranxition, Inc. ("Tranxition") objects to Defendant Novell, Inc.'s ("Novell") Bill of Costs on the ground that Novell seeks to improperly tax $3,944.50 in costs billed by third-party vendor, Barnes & Roberts Trial Consulting ("Barnes & Roberts"), for hourly fees in the preparation of slides used for trial. Tranxition claims that the Barnes & Roberts invoices reflect hourly charges from skilled professionals, which are not taxable costs. The Court agrees in part, and allows Novell to recover $3,084.79 in costs.

## STANDARDS

  Fed. R. Civ. P. 54(d)(1) provides that a court should award costs other than attorney's fees to the prevailing party, unless a federal statute, rule of civil procedure, or court order provides otherwise. In most cases, costs are awarded as a matter of course, and the court has broad discretion to decide how much to award. Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000).

**DISCUSSION**

Novell's bill of costs includes charges for presentation slides created by Barnes & Roberts. Novell used the slides for the Court's Markman hearing held in August of 2014. Barnes & Roberts divided the charges between Novell's counsel and counsel for Lenovo, who was the defendant in a proceeding parallel to this one, Tranxition, Inc. v. Lenovo, Inc., No. 3:12-cv-01265-HZ. Each of Barnes & Roberts' charges are accompanied by a short description of the work performed, such as, "[m]eeting with clients about Marksman (sic) Slides" and "[r]evising slides per Rex's email." Doc. 152 at 39–41. Tranxition objects to these costs as outside the scope of physical preparation of demonstratives because, Tranxition argues, they "are hourly charges from skilled professionals, *not* the mechanical costs of reproducing or otherwise physically preparing the demonstratives." Tranxition's Obj. to Bill of Costs at 1.

Taxable costs are limited to those set forth in 28 U.S.C. § 1821 and § 1920. In particular, § 1920(4) permits billing for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case." The scope of these costs is restricted to "the physical preparation of demonstratives." Computer Cache Coherency Corp. v. Intel Corp., No. C-05-01766 RMW, 2009 WL 5114002, *2 (N.D. Cal. Dec. 18, 2009). Accordingly, costs which "involve an outside firm's meeting with counsel, traveling, and presenting the demonstrative exhibits" are outside the scope of allowable costs. Motionless Keyboard Co. v. Microsoft Corp., No. CIV.04-180-AA, 2005 WL 1899377 (D. Or. Aug. 5, 2005) aff'd, 184 F. App'x 967 (Fed. Cir. 2006).

Novell claims that it did not consult Barnes & Roberts about the slides' contents, but rather instructed Barnes & Roberts as to what the slides should contain. Novell's Reply to Tranx.'s Obj. at 2. A review of the invoices shows entries describing work such as "meeting with

3 – OPINION & ORDER

clients" or "speaking with attorneys." Doc. 152 at 39, 41. The Court considers these charges to be outside the scope of § 1920(4) because the entries suggest Barnes & Roberts performed work beyond the "physical preparation of demonstratives." Computer Cache, 2009 WL 5114002, at *2. The invoices do not, however, distinguish between these "meeting" charges and charges for "revising slides" per email instructions. (See Doc. 152 at 39, charging Novell's counsel $927.84 for "speaking with attorneys about revisions;" "[m]eeting with attorneys;" and "revising slides;" Doc. 152 at 41, charging Novell's counsel $791.58 for "[m]eeting with clients about Marksman (sic) Slides" and "Creating Marksman (sic) Presentation."). Since it is impossible to determine what portion of the work is properly taxable, the Court deducts from Novell's taxable costs one half of the amount billed from each mixed entry. As a result, the Court allows Novell to recover $3,084.79.

## CONCLUSION

For the reasons stated, Plaintiff's objection to costs is OVERRULED in part and SUSTAINED in part. Defendant is awarded $3,084.79.

IT IS SO ORDERED.

Dated this __14__ day of February, 2016.

_Marco Hernández_

MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER